IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Jeanette Etheredge, )
)
        Plaintiff, )
) Civil Action No. 4:08-3167-SB
v. )
)
Michael J. Astrue, Commissioner ) **ORDER**
of Social Security, )
)
        Defendant. )
_____ )

This matter is before the Court upon the Plaintiff's motion for attorney's fees and costs, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Specifically, the Plaintiff seeks fees in the amount of $9,675.00, representing 64.5 attorney hours at the rate of $150.00 per hour. The Defendant opposes the motion and asserts that the position taken by the government was substantially justified, or in the alternative, that the fees requested are excessive in terms of the number of hours reported.



Here, the Plaintiff filed an application for benefits, which was denied. On September 16, 2008, the Plaintiff filed this action seeking review of the Commissioner's final decision denying her request for benefits. The parties filed lengthy briefs in April of 2009, and ultimately, on February 18, 2010, United States Magistrate Judge Thomas E. Rogers, III issued a report and recommendation ("R&R") analyzing the issues and determining that it was not possible for the Court to conduct a proper review because the record was devoid of the appropriate administrative analysis. Accordingly, the Magistrate Judge recommended that the Court reverse the decision of the Commissioner and remand the matter for further proceedings. The parties both notified the Court that they would not be

filing objections to the R&R, and on March 2, 2010, the Court issued an order adopting the R&R, reversing the Commissioner, and remanding the matter for further proceedings. The Plaintiff filed the instant motion for attorney's fees on June 2, 2010.

Pursuant to EAJA, a party who prevails in litigation against the United States is entitled to an award of attorney's fees and costs upon timely petition, as long as the government's position was not "substantially justified" and no special circumstances make such an award unjust. Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991). In evaluating a request for attorney's fees and costs pursuant to EAJA, the government bears the burden of proving that its position was substantially justified, and to meet its burden, the government must establish that its case has a reasonable basis in both law and fact. "In other words, favorable facts will not rescue the government from a substantially unjustified position on the law; likewise, an accurate recital of law cannot excuse a substantially unjustified position on the facts." Thompson v Sullivan, 980 F2d 280, 281 (4th Cir. 1992). "To be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness." Pierce v. Underwood, 487 U.S. 552, 566 (1988). However, "a position can be justified even though it is not correct, and . . . it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Id. at n. 2.

The government's burden of showing substantial justification is a strong one, and it is not met merely because the government produces "some evidence" in support of its position. Petrella v. Sec. of Health & Human Servs., 654 F.Supp. 174, 177 (M.D. Pa. 1987) (citing Washington v. Heckler, 756 F.2d 959, 961 (3d Cir. 1985)). In evaluating the government's position, courts must do so in light of the standards in existence when the

2

decision was rendered. Id. Where the government's position was a result of its failure to perform a certain analysis required by the law and its regulations, the government's position was not substantially justified. Randolph v. Sullivan, 738 F.Supp. 305, 306 (C.D.Ill. 1990). The test of reasonableness represents a middle ground between an automatic award of fees to a prevailing party and an award made only when the government's position was frivolous. Sierra Club v. Sec. of Army, 820 F.2d 513, 518 (1st Cir. 1987) (internal citations and quotations omitted).

Here, after a review of the record, the Court cannot find that the government's position was substantially justified in light of the errors and omissions in the Commissioner's decision. Accordingly, the Court finds that the Plaintiff is entitled to an award of attorney's fees pursuant to EAJA. Therefore, the next issue for the Court is to determine whether the number of hours claimed by the Plaintiff is reasonable.



In response to the Plaintiff's motion, the Defendant asserts that the attorney hours claimed by the Plaintiff are not reasonable. For instance, the Defendant points out that of the 30 hours claimed for activities other than briefing, 8 are claimed for time spent on a phone call "with opposing counsel and Clerk of Court re filing; re-scanning Brief and attachments," and 5 are claimed for time spent on the phone with the Clerk of Court and opposing counsel "re problems filing Brief via internet; Service of Brief on Asst. U.S. Attorney by mail." (Entry 46-2 at 2.) In addition, the Defendant asserts that the 64.5 hours claimed well exceeds the typical 20 to 40 hours claimed in cases like this. In support of its assertion, the Defendant cites (and includes copies of) the following cases: Perrelli v. Astrue, No. 09-cv-46, 2010 WL, at * 2 (N.D. W. Va. March 15, 2010) (unpublished) ("In social security appellate litigation, compensated hours generally range from twenty to forty

hours.") (internal quotation and citation omitted); Irwin v. Astrue, No. 08-cv-460, 2010 WL 583658, at *1 (S.D. Cal. Feb. 16, 2010) (unpublished) (stating that "numerous courts have awarded fees in routine cases in the amount of 20 to 35 hours"); Hardy v. Callahan, No. 96-cv-257, 1997 WL 470355, at *9 (E.D. Tex. Aug. 11, 1997) (unpublished) ("The typical EAJA application in social security cases claims between thirty and forty hours."); Austin v. Shalala, No. 91-cv-1326, 1994 WL 114845, at *2 (D. Kan. April 1, 1994) (unpublished) ("The court has seen many EAJA fee applications regarding disability claims, and the typical number of hours is between thirty and forty. Nothing about this case indicates that it required an unusual amount of work.").

In response to the Defendant's arguments, the Plaintiff waives his claim to 7.5 of the 8 hours claimed for filing the Plaintiff's briefs, reducing the total amount of hours claimed by the Plaintiff to 57.



Here, after consideration of the entire record and the parties' arguments, the Court agrees with the Defendant that not all of the hours claimed by the Plaintiff appear to have been "reasonably expended." For instance, although the Court understands that counsel spent a great deal of time briefing the issues and communicating with others about the case, the Court agrees with the Defendant that the 5 hours claimed for phone calls on April 28, 2009, with the clerk and opposing counsel regarding problems filing the brief and service of the brief is excessive. In addition, the Court finds excessive the 3 hours claimed for finalizing the brief and scanning it (after claiming more than 30 hours for drafting the brief), as well as the roughly 6 hours claimed for reviewing the R&R, forwarding a copy to the Plaintiff, reviewing the Defendant's one-page notice of no objections, and preparing the Plaintiff's one-page notice of no objections. Ultimately, after much consideration, the Court

finds that compensation for 45 attorney hours would be reasonable under the circumstances of this case.[1] Accordingly, it is hereby

**ORDERED** that the Plaintiff's motion for EAJA fees (Entry 46) is granted insofar as the Court awards 45 hours in attorney's fees at the hourly rate of $150.00 to the Plaintiff,[2] for a total amount of $6,750.00.

**AND IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

July 22, 2010
Charleston, South Carolina



---

[1] Indeed, a review of this Court's recent cases awarding EAJA fees indicates that the compensated hours in routine social security cases typically ranges from 20 to 45 hours.

[2] As the Supreme Court recently made clear (and as the Defendant argued in its brief), attorney's fees under EAJA are made payable to the prevailing litigant and not to the attorney. Astrue v. Ratliff, No. 08-1322, 130 S.Ct. 2521 (June 14, 2010).